IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DEVIN A. PEMBERTON,**

    **Plaintiff,**

**vs.**                                             **CASE NO. 4:20-CV-453-TKW-MAF**

**ENHANCED RECOVERY, CO.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case on September 15, 2020, by submitting a complaint pursuant to 15 U.S.C. § 1681, the Fair Credit Reporting Act. ECF No. 1. Plaintiff did not pay the filing fee at the time he initiated the case but filed a motion to proceed *in forma pauperis* (IFP), which was insufficient as filed. ECF No. 3. Accordingly, the Court issued an order directing Plaintiff to either pay the fee or submit a proper IFP motion along with a six-month account statement. ECF No. 4. The Clerk of Court was directed to provide Plaintiff with an IFP application packet to aid in that process. Id.

Plaintiff has now filed an IFP motion supported by a financial certificate certified by the authorized penal official reflecting an account balance of

$1,604.82 as of October 6, 2020, and one purchase for the year in the amount of $25.15 on September 15, 2020. ECF No. 5. The financial certificate also indicates Plaintiff's average monthly deposits in the preceding six months are $760.00. Id.

The first page of the Consent Form contains this notice to prisoner plaintiffs:

> If I submit a civil rights complaint or other civil action, the filing fee is $350.00. If my current account balance is more than $400.00, I will not qualify for *in forma pauperis* status. I must pay the full $350.00 filing fee plus a $50 administrative fee before the Court will consider the merits of my complaint.

Pursuant to the federal *in forma pauperis* statute, a federal court may authorize the commencement of a civil lawsuit without prepayment of fees by a person who submits an affidavit showing "the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a). Because Plaintiff has adequate funds to pay the filing fee for this case, his IFP motion should be denied. Plaintiff should be provided thirty days within which to pay the $400.00 filling fee, if he desires to proceed with this case. Alternatively, Plaintiff may file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a) should he no longer desire to continue this litigation.

For these reasons, it is respectfully **RECOMMENDED** that: (1) Plaintiff's *in forma pauperis* motion, ECF No. 5, be **DENIED** because

Plaintiff's affidavit and account statement reveal he has sufficient funds to pay the filing fee for this case; (2) Plaintiff be provided thirty (30) days within which to pay the $400.00 filing fee; and (3) this case be **REMANDED** for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on October 15, 2020.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).