# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DEVIN A. PEMBERTON,**

    **Plaintiff,**

vs.                                  CASE NO. 4:20-CV-453-TKW-MAF

**ENHANCED RECOVERY, CO.,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner currently housed at Coleman FCI, is proceeding *pro se*. Plaintiff initiated this case on September 15, 2020, by submitting a complaint pursuant to 15 U.S.C. § 1681, the Fair Credit Reporting Act, claiming Defendant conducted inquiries into his credit history without his permission. ECF No. 1. For the reasons stated below, the case should be dismissed for Plaintiff's failure to prosecute his case and failure to comply with court orders.

### I.    Relevant Procedural History

The Undersigned submitted a Report recommending that Plaintiff's motion to proceed *in forma pauperis* (IFP) be denied because Plaintiff has

sufficient funds to pay the filing fee. ECF No. 6. The Court adopted the report, denied Plaintiff's IFP motion, ordered him to pay the $400 filing fee by **December 2, 2020**, and warned, if the fee was not paid by the deadline, his case would be dismissed. ECF No. 8. The Court remanded the case to the Undersigned for further proceedings. Id. As of the date of the drafting of this Report, Plaintiff has failed to pay the $400 filing fee.

## II. Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

Plaintiff was required to pay the filing fee by **December 2, 2020**, and has failed to do so. Accordingly, dismissal without prejudice is appropriate.

### III. Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED

IN CHAMBERS at Tallahassee, Florida, on December 8, 2020.

                <u>s/ Martin A. Fitzpatrick</u>
                **MARTIN A. FITZPATRICK**
                **UNITED STATES MAGISTRATE JUDGE**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).